·RACHEL DAVIS *v.* JAMES DAVIS *et ux.*

*(Nashville.    December Term, 1916.)*

1. **INSURANCE.   Fraternal insurance.   Change of beneficiary.**

The by-laws of the fraternal order in which deceased was insured provided that a change of beneficiary would not be effective until the old certificate was surrendered and a new one issued and that any attempt to change the beneficiary by will, contract, assignment, or otherwise than by strict compliance with the by-laws shall be absolutely .null and void. · Deceased, holding a certificate in which his mother was named as beneficiary, stated soon after his marriage, subsequent to the issuance of the certificate, and two years before his death, that he desired to have the certificate changed and name his wife as beneficiary, but made no effort to comply with the by-laws, beyond taking the policy on one occasion to the meeting place of the local lodge, at which time no meeting was to be held, and thereafter delivered the certificate to his wife. *Held,* that the acts of deceased were not a sufficient attempt on his part to comply with the rules of the order to permit equity to decree an effective change. (*Post, pp.* 524-526.)

Cases cited and approved: Ancient Order of Gleaners, 165 Mich., 1; Johnson v. N. Y. Life Ins. Co., 56 Colo., 178; Modern Woodmen v. Headle, 88 Vt., 37; Schardt v. Schardt, 100 Tenn., 276.

Case cited and distinguished: Fink v. Fink, 171 N. Y., 616.

2. **INSURANCE.   Fraternal insurance.   Change of beneficiary.**

Where the insured in a certificate of fraternal insurance has the right to change the beneficiary in a manner set forth in the by-laws of the order, while the beneficiary in such certificate does not have a vested interest, he does have a contingent right and an expectancy in the nature of an inchoate interest, subject to be defeated by an exercise of the power of substitution substantially in the manner provided by the laws of the order. (*Post, p.* 526.)

Davis v. Davis.

3. **INSURANCE. Fraternal insurance. Assignment of certificate.**
   Where the by-laws of a fraternal order provided for change of
   beneficiary by surrender of the old certificate and issuance of
   a new one and that any attempt by a member to change the
   beneficiary by will, contract, assignment, or otherwise shall be
   null and void, the deceased did not, by delivery of his certificate
   to his wife with the intention that she should have the benefit
   of it, vest in her the right to take its proceeds as assignee. (*Post*,
   *pp*. 526, 527.)

Case cited and approved: Johnson v. N. Y. Life Ins. Co., L. R. A.,
   1916a, 877.

FROM WHITE.

Appeal from the Chancery Court of White County.
—A. H. ROBERTS, Chancellor.

J. H. ANDERSON, for appellant.

ROBINSON & FANCHER, for appellee.

MR. JUSTICE WILLIAMS delivered the opinion of
the Court.

This is a suit by Rachael Davis, the widow of C.
E. Davis, to recover $2,000, the proceeds of a benefit
certificate in the Modern Woodman of America,
issued to her husband, which proceeds were paid to
Lottie Davis, the mother of the insured, who was
named as beneficiary in the face of the policy.

The theory of the bill is: (a) That the insured,
a single man at the time the certificate was issued
to him in July, 1907, intermarried with the com-

plainant in May, 1911, and at once set about to have the beneficiary changed so as to substitute the name of complainant, his wife, for that of his mother; and that he did all in his power to effect this, but failed though on account of no fault or neglect on his part. (b) That the policy was assigned and delivered to complainant, thus, it is claimed, vesting in her the right to take its proceeds, regardless of any failure to change the beneficiary.

The chancellor held against complainant, and she has appealed and assigned errors raising these questions for review by this court.

It appears that, soon after the marriage of complainant with the insured, he stated that he desired to have the certificate changed to name her as beneficiary. The couple remained in White county, where the local camp of the order to which insured belonged was located, until October, 1911, at which time they removed to Atlanta, Ga., where her husband took employment as a street car conductor, and where he died in October, 1913. Between the last two dates, the insured visited his old home twice, and on the first visit he brought with him the benefit certificate for the purpose of effecting the change, but failed to do so. On the last visit, thinking it was necessary that some step or action be taken in open lodge, he took the policy to the meeting place, but found the door locked, and that no meeting was to be held. On returning to his home in Atlanta, he handed the certificate to his wife, intending at the

time that she should have the benefit of it, the chancellor found, and it remained in her possession at the date of his death. She surrendered it to James Davis, the father of insured, in order that it might be realized on, under a promise from him that the proceeds would be applied to the payment of the funeral expenses and certain indebtedness of insured, and the remainder turned over to her, the complainant.

The insured made no effort to formally comply with the by-laws of the order respecting the changing of a beneficiary by surrendering the certificate and designating a new beneficiary in the surrender clause on the back of the certificate, or by the payment of the required fee. The by-laws provide that a fee shall be paid and the method of so designating a substitute beneficiary. They further provide:

"No change in the designation of beneficiary or beneficiaries shall be effective until the old certificate shall have been delivered to the head clerk and a new certificate issued during the lifetime of the member, and until such time the old certificate shall remain in force. . . . Any attempt by a member to change the payee of the benefits of his benefit certificate by will or other testamentary document, contract, agreement, assignment or otherwise than by strict compliance with the provisions of this section, relating to change of beneficiary, shall be absolutely null and void."

The chancellor held the insured did not do all that he reasonaby could have done to execute his purpose, which was formed more than two years before his death; and we think he was correct in so ruling.

Undoubtedly, the rule is that when a member of a benefit association, in efforts to make a change in the beneficiary of his certificate, has done all that was reasonably in his power to comply with the rules of the order, but fails to do so and dies before the change is formally effected, a court of equity will treat the substitution as complete on the principle that in equity that will be deemed done which ought to have been done. But in this case the facts show no sufficient attempt on the part of the insured to make the change, which effort must be one to comply with the rules of the order. The failure was due to the insured's neglect, and certainly he was not prevented from doing so by any happening over which he had no control. In such a case, the intent will not be treated as consummated in equitable contemplation. *Ancient Order of Gleaners,* 165 Mich., 1, 130 N. W., 191, 34 L. R. A. (N. S.), 277, and note; *Johnson* v. *New York L. Ins. Co.,* 56 Colo., 178, 138 Pac., 414, L. R. A., 1916A, 868; *Modern Woodmen* v. *Headle,* 88 Vt., 37, 90 Atl., 893, L. R. A., 1915A, 580, and note.

There is nothing in the case of *Schardt* v. *Schardt,* 100 Tenn., 276 45 S. W., 340, to the contrary. There the formalities had, to the satisfaction of the order,

Davis v. Davis.

been so far substantially complied with that a new certificate had actually been issued in the name of the substitute beneficiaries.

In *Fink* v. *Fink,* 171 N. Y., 616, 64 N. E., 506, it was said:

"The change of the beneficiary is an important matter, for it transfers the right to receive the death benefit, amounting in this case to $1,000, from one person to another. The right of the member to make the change is absolute, and the beneficiary can neither prevent it by objecting, nor promote it by consenting. Obviously such a transaction requires some formalities for the protection of the company, the member, and the beneficiary. The formalities required by the association before us, through its by-laws, were very simple; but, unless they were substantially complied with, the change could not be made. Mere intention to make a change is not enough, for the acts prescribed to carry the intention into effect are forms imposed upon the execution of a power, and they must be observed or the change cannot be effected. As a condition precedent to effectuate the change, the member was required to ask the association for a new certificate and to pay it the fee exacted by the by-laws. The association could not make the change unless he requested it, and even then, as it stipulated in its contract with him, 'only on the payment of twenty-five cents.' While it could have waived payment during his life, it did not do so, and it could waive

Davis v. Davis.

nothing after his death, for by that event the rights of the beneficiary became fixed and unalterable.."

While the mother did not have a vested interest in the certificate during the life of the insured, she did .have a contingent right—an expectancy in the nature of an inchoate interest, subject to be defeated by an exercise of the power of substitution substantially in the manner set forth in the laws of the order.

But it is urged by the appealing complainant that the delivery of the policy to. her by the insured gave her the right as his assignee to take its proceeds despite the failure to effect the substitution of complainant's name as beneficiary; that the parol assignment and delivery left the mother without any sort of interest.

This argument must proceed upon the predicate that the insured had the power to make any disposition of the certificate contract that he saw fit, in disregard of the above quoted provision to the effect that "any attempt by a member to change the payee of the benefits by assignment shall be void," as well as of the principles underlying the ruling already made in respect of the effort made to change the beneficiary.

Nearly all of the decisions involving certificates in which a third person is named as beneficiary (as distinguished from those made payable to the insured or his estate or personal representative) are to the effect that, although there be a provision for

Davis v. Davis.

the assignment of the certificate in a particular mode, an assignment relied upon which is not made in substantial accordance with the provisions regulating assignments is without avail to defeat the right of the named beneficiary. The cases are collated in the annotation of *Johnson* v. *New York L. Ins. Co.*, L. R. A., 1916A, 877. *A fortiori* is this true when, as here, there is a positive inhibition against the right of such beneficiary "otherwise than by strict compliance with the provisions relating to a change of beneficiary."

It was held in *Schardt* v. *Schardt,* supra, that it was not in the power of a member of such an order to defeat the rights of beneficiaries named in the certificate by a disposition of it in his will. We hold that he may not do so by an assignment.

The chancellor's decree is affirmed.