# BARNES v. PRUDENTIAL INS. CO.—186 S. W. (2d) 917.

Eastern Section. March 14, 1944.

Petition for Certiorari denied by Supreme Court, June 10, 1944.

110

Harry L. Garrett, of Kingsport, for plaintiff in error. Dodson & Dodson, of Kingsport, for defendant in error John H. Barnes.

HALE, J. This case presents a contest between the original and substitute beneficiaries under a policy of insurance issued on the life of Dave T. Barnes, a resident of Kingsport and an employee of the Mead Corporation, which had group insurance on its employees who participated in the payment of premiums.

The certificate issued thereunder to Mr. Barnes named his wife, Mrs. Cubie Barnes, as beneficiary, and has this provision: "The beneficiary may be changed in accordance with the terms of the (group) policy by said employee (insured) at any time while the insurance on his . . . life is in force by notifying the (insurance) company through the employer. Such change shall be effected when due acknowledgment thereof is furnished by the (insurance) company to such person insured, and all rights of his beneficiary or beneficiaries shall thereupon cease."

The group policy provides: "Any person insured hereunder may at any time while insured hereunder change his . . . beneficiary or beneficiaries by written notice through the employer to the (insurance) company at its

home office, on a form furnished by it. Such change shall take effect when due acknowledgment thereof is furnished by the company to such person insured and all rights of his . . . former beneficiary or beneficiaries shall thereupon cease.''

Mrs. Barnes was much younger than her husband (she being twenty-seven and he seventy-two years of age), and had been separated from him three or more times. On February 15, 1943, while he was sick and disabled, she left him to work in a restaurant, and then about a week later removed to Greeneville. On February 22 following the parting, Mr. Barnes went to E. M. Cross, a distant relative, who was his superior at the Mead Corporation, and told him that his wife had left him and he was afraid of her, that she had been getting drunk and running around with other men, and that he wanted to change his insurance so she would not receive any of it. He said his nephew, John H. Barnes (defendant in error), had been good to him in many ways, and that he believed John would take care of him. He then signed a form request furnished by the insurer to the employer for a change of beneficiary from his wife to said nephew. This was left with Mr. Cross, who instructed him to bring in his certificate and have a rider attached to it showing the change. For some reason—whether by reason of his sickness or otherwise is not shown—he did not bring in the certificate and the employer did not send the insurer the aforesaid request for change of beneficiary.

Matters remained in this status until Sunday, March 14, when the insured sent for Mr. Cross, who did not work on Sundays, and who did not go to see him until the following morning, when he found that Mr. Barnes had been removed to the hospital the previous evening.

He then went to the hospital and was instructed by Mr. Barnes to go to his residence and get the certificate, that he did not want his wife to have anything he had. Mr. Cross then went to the residence, obtained the certificate, and had his secretary type in its face the name of John H. Barnes above the name of Cubie Barnes, as beneficiary, and attach to it a rider showing change of beneficiary to John H. Barnes, using a form furnished by the insurer.

The case was not developed, and is not here submitted, on the theory that the employer was the agent of the insurer so far as changes in beneficiaries were concerned, although Mr. Cross testified he had charge of this particular matter, and it seems that forms for this purpose were furnished by the insurer to the employer and used for this purpose, and Mr. Cross said that when a change of beneficiary was made "we always attach this rider to" the certificate. At any rate, Mr. Barnes was advised that the rider had been attached to the certificate, and he died that day, March 15, in the belief that the change had been effectuated.

There is no suggestion or imputation of fraud or overreaching of the insured. John H. Barnes had not sought the change, and did not know of it until after the death of his uncle, when he was informed of it by Mr. Cross.

Immediately after the death of the insured the request for change, together with certificate and attached rider, was sent to the insurer by Mr. Cross, with request for payment to John H. Barnes.

The wife claimed the attempted change was incomplete and of no effect, and instituted suit against the insurer. The nephew, although claiming the change was valid, had taken no legal steps to assert his claim. Thereupon, the insured conceded liability under the certificate, but, being

confronted by these opposing claims, it invoked the provisions of Code, Section 8624, towit: "At any time before defense made, the defendant may apply to the court or justice to substitute in his place any person, not already a party, who claims the money or property in suit, by filing his affidavit, stating the facts on which he founds his application, showing that the right in the subject-matter in controversy is in such third person; that he (affiant) has no interest in the suit, and may be exposed to the claim of two or more adverse parties, denying all collusion with the party sought to be substituted, and proffering to pay the money or deliver the property into the custody of the court. If, on notice to the plaintiff and the person sought to be substituted as defendant, sufficient cause be shown, the court may order the substitution and discharge the original defendant, from liability to either party, and make such disposition, pending the suit, of the fund or property in controversy, as to secure the money, property, or its value, to the party who shall prove to be entitled." Code, Section 8624.

Proper affidavit was filed, and the motion to substitute was granted. The insurer thereupon paid the $2000 into court and was released and discharged from further liability. The substituted defendant, John H. Barnes, entered his defense and claimed the fund as substituted beneficiary under the certificate.

The trial was had before a jury, and after each claimant had unsuccessfully sought peremptory instructions a verdict was rendered in favor of the substituted beneficiary. Mrs. Barnes moved for a new trial, which was denied, and she now prosecutes this appeal and seeks a reversal of the decision of the court below.

There is no dispute as to the material determinative facts. There being no dispute as to the facts, this

makes a question of law for us to determine, namely: Under these undisputed facts was John H. Barnes validly substituted in lieu of the original beneficiary?

To determine this question we must decide whether there was a substantial compliance with the provisions of the policy. The employer was under the impression that any change of beneficiary must needs be endorsed upon the certificate. When Mr. Barnes on February 22, 1943, gave the notice contemplated by the contract he was informed that it would be necessary for him to produce the certificate for proper endorsement. There is nothing in the policy requiring this, and the record makes no showing of any rule or requirement to this effect by the insurer. The insured was illiterate, and could not be expected to know the contents of the policy or his rights thereunder other than as informed by the employer. He had met the requirements of the policy by giving notice on a form provided by the insurer to his employer. The employer, through no fault of the insured, failed to promptly transmit this notice to the insurer. If it had promptly sent the notice in, the change would have been effected at least two weeks prior to the death of the insured.

There are strong indications that the insurer had delegated to the employer the right to complete the change, but, as before pointed out, the case is not submitted on that theory, and we will not notice it further in view of the conclusion presently to be announced.

■ It will also be recalled that on the very day of his death the insured had the employer take physical possession of the certificate and write in its face the name of his nephew as beneficiary, and attach to it a rider showing the change. He did all he could to effectuate the

change. He died before the papers could be returned to the home office of the insurer. It is apparent that this approval was purely a pro forma or ministerial action on the part of the insurer, as in its affidavit supporting the motion to substitute under the Code section before cited the insurer states: "That during the lifetime of the said Dave T. Barnes, the beneficiary in said policy was changed to said John H. Barnes", etc. This shows how the insurer construed the policy provision with reference to the ministerial act of acknowledging the receipt of request for change. The policy provision in question was made primarily for the benefit and protection of the insurer— not the beneficiary.

Our Supreme Court in discussing policy provisions for change of beneficiary said:

"The rules of law applicable to such cases and approved generally by the courts of this country are succinctly and accurately set forth in 37 Corpus Juris, sec. 350, p. 584, as follows:

" 'Policies authorizing a change of beneficiary usually specify the mode of effecting the change, as by filing a written notice or request, accompanied by the policy, at the home office of the company, and the indorsement of the change on the policy by the company. In order to effect a change of beneficiary the mode prescribed in the policy must be followed, it being held in some cases that a substantial compliance is necessary and in others that a strict compliance is required. A mere unexecuted intention to change the beneficiary is not sufficient. The company has a right to insist upon compliance with the provisions of the policy, and while it may waive or be estopped to assert provisions intended for its benefit and protection, a waiver by it after the death of insured is

ineffectual as against the original beneficiary. On the principle that equity regards as done that which ought to be done, the courts will give effect to the intention of insured by holding that the change of beneficiary has been accomplished where he has done all that he could to comply with the provisions of the policy, as where he sent a proper written notice or request to the home office of the company but was unable to send the policy by reason of circumstances beyond his control, as where it has been lost, or was in the possession of another person who refused to surrender it or was otherwise inaccessible, or where he sent both the policy and a proper written notice or request and all that remained to be done were certain formal and ministerial acts on the part of the company, such as the indorsement of the change of the policy, and these acts were either not done at all or were done after the death of insured. Of course the rule is not applicable where insured has not done all that he reasonably could to meet the conditions of the policy.'

''Analyzing the foregoing text it will be noted that, in order to effectuate a change of beneficiary—

''(1) The mode prescribed by the policy must be followed.

''(2) In some jurisdiction a substantial compliance only is sufficient, while in others a strict compliance is required.

''(3) A mere unexecuted intention to change the beneficiary is not sufficient.

''(4) Where a substantial compliance is sufficient, that is, where a written request for change of beneficiary has been filed with the company, the intention of the insured will be given effect—(a) Where he was unable to send the policy because it had been lost; (b) or was in

possession of another person who refused to surrender it; (c) or was otherwise inaccessible; (d) or where the notice and the policy were sent to the company, and all that remained to be done were certain formal and ministerial acts on the part of the company, and these acts were either not done at all or were done after the death of the insured.'' Cronbach v. Ætna Life Ins. Co., 153 Tenn. 362, at pages 366, 367, 368, 284 S. W. 72 at page 73.

We think the instant case falls within subsection d of paragraph 4 supra. As was said by the Supreme Court of Michigan: ''The insured did all that was required of him, and there remained only a ministerial act on the part of the company to complete the change, an act which the company was bound to perform and undoubtedly would have performed had it not been for the intervention of death prior to the notice reaching the home office of the company.'' Equitable Life Assurance Society v. Hitchcock, 270 Mich. 72, 258 N. W. 214, 215, 106 A. L. R. 591.

In a case involving a similar question, the Supreme Court of Washington said: ''Where the assured may change beneficiaries at will, and where he has pursued the course pointed out by the by-laws, and where he 'has done substantially all that is required of him to effect a change in beneficiaries, and all that remains to be done are the ministerial acts of the officers of the association, the change will take effect though the formal details were not completed before the death of the insured.' (Cooley's Briefs on the Law of Ins., Vol. 4, p. 3769, and authorities there cited. 3 Am. & Eng. Ency. Law (2d Ed.) p. 999.'' Sun Life Assur. Co. v. Sutter (Laurenson), 1 Wash. (2d) 285, 95 P. (2d) 1014, 1018, 125 A. L. R. 1089.

█ In our opinion, the insured substantially complied with the policy provisions and the jury should have been so instructed.

This makes it unnecessary to consider the errors alleged to have occurred during the trial relating to the charge, etc. Nichols v. Mutual Life Ins. Co. of New York, 178 Tenn. 209, 156 S. W. (2d) 436.

It results that all assignments are overruled, and the judgment below affirmed at the cost of plaintiff in error.

McAmiss and Burnett, JJ., concur.