MUTUAL SAVINGS LIFE INSUR-
ANCE CO.

v.

Katherine B. Miller COWAN, Marlene
A. Miller.

Civ. A. No. 4054.

United States District Court
E. D. Tennessee, N. D.

Oct. 17, 1960.

Robert F. Worthington, Jr., Knoxville, Tenn., for plaintiff.

T. Mack Blackburn, Reuben H. Nichols, Knoxville, Tenn., for defendant Katherine B. Miller Cowan.

Robert L. Crossley, Knoxville, Tenn., for defendant Marlene A. Miller.

ROBERT L. TAYLOR, District Judge.

This suit involves a contest between Mrs. Katherine B. Miller Cowan, mother of deceased Army Sgt. Billy J. Miller, and Marlene A. Miller, widow of the deceased soldier, over the proceeds of an insurance policy amounting to $4,919 issued by the Mutual Savings Life Insurance Company on May 8, 1957.

The dispute was brought into focus by the filing of a petition for interpleader by the insurance company pursuant to Title 28 U.S.C. § 1335. In response to this petition, each of the defendants filed an answer claiming the proceeds of this policy which were paid into the Registry of the Court by the insurance company.

The mother's claim is based upon the theory that she was the named beneficiary in the policy on the date of the death of her son. The basis of the widow's claim is that her husband did everything that he could under the circumstances to substitute her as the bene-

ficiary in the policy in lieu of the named beneficiary.

The sole issue for the determination of the Court is whether the mother, Mrs. Cowan, is entitled to the proceeds of this policy or the widow, Mrs. Miller, is entitled to the proceeds, and this, in turn, depends upon the legal adequacy of the steps taken by the insured to change the beneficiary.

The dispute between the insurance company and the defendants over the $500 item that was paid to the deceased soldier before his death has been settled as well as the dispute over the other small item of $77.40, representing the premium due on the policy.

The parties have stipulated that Tennessee law controls the rights of the parties under the aforementioned insurance policy issued to the deceased soldier.

This policy was issued to him while he was stationed at Fort Bragg, North Carolina. At that time he was a minor and unmarried. Thus, the natural thing for him to do was to name his mother as beneficiary. Subsequently, on September 4, 1958, he married Marlene A. Glover (defendant Marlene A. Miller) who was nineteen years of age. In January, 1959, he was sent to Germany with the First Airborne Battle Group of the 505th Infantry. While with his company, he and his wife occupied an apartment at Bad Kreuznach, about 38 miles south of Frankfurt, Germany.

On June 9, 1959, he and other members of his unit jumped near Mainz, Germany and malfunction of a parachute caused him and another soldier to collide in mid-air with the result that both of them dropped to the ground on one partially opened chute, causing serious injury to him. Sixteen days later he died in a U. S. Army Hospital as a result of the injuries sustained in the fall.

On the evening of June 7, 1959, less than 36 hours before the accidental injuries, he advised Odell F. Dobson, an American civilian and agent of petitioner, Mutual Savings Life Insurance Com-

pany, that he wanted to change the named beneficiary in his policy so as to name his wife as the changed beneficiary.

The material portion of the policy pertaining to the change of beneficiary reads:

"The beneficiary may be changed whenever desired by filing at the Home Office of the Company a written request on a form provided by the Company and signed by the insured and any irrevocable beneficiary. No change of beneficiary shall take effect until such change has been endorsed on the policy by the Company, and when so endorsed shall relate back and take effect as of the date of the written request * * * "

At the time of the conversation of the soldier with agent Dobson, the soldier's wife was expecting a child. Dobson was not able to provide the soldier with the change of beneficiary form required by the terms of the policy as he did not have any forms in Germany. The soldier delivered the policy to agent Dobson to be forwarded to the home office of the insurance company for endorsement on the policy of the change of beneficiary. Agent Dobson was to procure the form for request of change of beneficiary for the signature of the soldier.

Agent Dobson was slow in requesting the form and in mailing the policy to the home office and the home office was slow in mailing the form to Germany as it was mailed at ordinary postage rates and the form did not arrive in Germany until July 10, more than two weeks after the death of the soldier. The insurance company, for its own protection, required that notice of change be on its forms yet it failed to equip its agent who was some 3,000 miles away with any of the forms.

The soldier had a right to change the beneficiary without the consent of the company, but in order to exercise the right the procedural steps provided by the company were to be followed, namely, written request by the insured on a form

provided by the company and the endorsement by the company of the change on the back of the policy. As before indicated, the soldier turned over the policy for the endorsement. He would at the same time have signed the request on the form provided by the company if the company had made a form available to him. His failure to sign such form was due to the fault of the company in not having a form available at that time and the further fault of the company in not making a form available to him soon after his request for such form.

The Tennessee appellate courts have decided eight cases involving principles that are applicable in this case.

There are two rules that were announced and discussed in these cases which, in the opinion of this Court, are controlling of the present case.

■ The first rule is that where the consent of the insurance company is not required to change the named beneficiary in the policy an announced intention of the assured to change the beneficiary is not alone sufficient to effect the change.

■ The second is that if the assured declares his unqualified intention to change the beneficiary and if he does everything he can under the circumstances to effect the change, the equity maxim applies which treats that as done which ought to be done.

Before undertaking to apply these rules to the facts of the case, a brief examination of the eight Tennessee cases dealing with the subject will be profitable.

The question appears to have been first before the appellate courts of Tennessee in the case of Davis v. Davis, 1916, 136 Tenn. 520, 190 S.W. 459, which involved an insurance certificate issued by the Modern Woodmen of America. The consent of change of beneficiary was not required in that policy. The insured made no effort to comply with the by-laws of the order respecting the change of beneficiary by surrendering the certificate and designating a new beneficiary on the back of the certificate or by

the payment of the required fee. The Court held that the change of beneficiary was not effected. The Court stated that when a member "has done all that was reasonably in his power to comply with the rules of the order, but fails to do so and dies before the change is formally effected, a court of equity will treat the substitution as complete on the principle that in equity that will be deemed done which ought to have been done. But in this case the facts show no sufficient attempt on the part of the insured to make the change, which effort must be one to comply with the rules of the order. The failure was due to the insured's neglect, and certainly he was not prevented from doing so by any happening over which he had no control. In such a case, the intent will not be treated as consummated in equitable contemplation * * *." 136 Tenn. at page 524, 190 S.W. at page 460.

The next Tennessee case involving the change of beneficiary question is that of Cronbach v. Aetna Life Insurance Company, 1925, 153 Tenn. 362, 284 S.W. 72, involved a policy of an old line company which did not require the consent of the company to change the beneficiary. The pertinent provision in this policy required the insured to make a written request to the insurer of the change of beneficiary and to accompany such a request by the policy for endorsement. The insured, while on his death-bed, told his wife that he wished to name her his sole beneficiary. While she searched for the policy he had an attack, and died 90 days later without regaining rationality.

The Court held that the change was not effected and quoted extensively from 37 Corpus Juris at page 584. See, also, 46 C.J.S. Insurance § 1175. The Court concluded that there was no substantial compliance with the provisions of the policy and the change of beneficiary was not effected. In the course of the opinion, the Court said:

"* * * While the maxim 'equity regards that as done which ought to be done,' is regarded with favor, it can only be invoked when

the party against whom complaint is made has failed or refused to perform some duty imposed upon him." 153 Tenn. at page 368, 284 S.W. at page 73.

An old line company was involved in the case of Holmes v. Gooch, The Metropolitan Life Insurance Company, 3 Tenn. App. 80. The policy did not require consent of the company for a change of beneficiary. The assured advised the agent of the company of his desire to change. The policy was later delivered to the agent, but the insured failed to keep several appointments to sign the proper forms. The policy remained in the agent's possession for four months but insured did nothing to comply with the provisions of the policies with respect to the change.

The Court held that the change was not effected but stated:

"Of course, if the assured was prevented from making the change by the Insurance Company, its agents, the original beneficiary or other person, and he did all that was reasonably within his power to effect the change the result might be different, * * *" at page 86.

Another old line company was involved in the case of Page v. Detroit Life Ins. Co., 1929, 11 Tenn.App. 417. The policy required the consent of the company in order to change the beneficiary. The policy was turned over to the company and the assured wrote to the company and requested the change of the beneficiary, but the company failed to make the required endorsement. Delay in making the endorsement was the company's fault.

The Court, in holding that the change was effected, stated:

"The insured did everything that he could, under the circumstances, to effect the change of beneficiary * * *" at page 429,

and applied the maxim that "equity regards as done that which ought to be done".

In the case of National Life & Acc. Insurance Co. v. Bryant, 1943, 27 Tenn. App. 294, 179 S.W.2d 937, the policy required the consent of the company for a change of beneficiary. The assured requested that the beneficiary be changed through his attorney and the policy was surrendered, but assured died before the policy was changed.

The Court concluded that the equity maxim did not apply, and that the change was not effected.

Barnes v. Prudential Ins. Co., 1944, 28 Tenn.App. 109, 186 S.W.2d 918 involved a policy which did not require consent of the company for a change of beneficiary. The assured filed notice of change, but it was not forwarded to the home office by the employer of the group insured until after the assured had died.

The Court held that the change was effected as the assured had substantially complied with the provisions of the policy.

Holmes v. Interstate Life & Acc. Ins. Co., 1946, 29 Tenn.App. 482, 197 S.W.2d 551, involved a policy which required the consent of the insurer in order to effect a change of beneficiary. The policies were not delivered to the company because they were in the possession of the original beneficiary who later killed the insured with a shotgun.

The Court held that the change was effected as the assured had substantially complied with the policy provisions.

Life & Casualty Ins. Co. of Tenn. v. Cornish, Tenn.App., 1958, 315 S.W.2d 6, involved a policy which did not require the consent of the insurance company in order to effect a change of beneficiary. The policies were turned over to the agent to be forwarded to the home office along with the executed change form, but the agent did not forward them to the company.

The Court held that the change was effected as the assured had substantially complied with the provisions of the policy.

■ The insurance company in this case was at fault in at least two partic-

ulars. In the first place, the form which was to be executed by the assured should have been in the possession of its agent in Germany and he should have delivered it to the assured for execution at the time the assured requested it or within a reasonable time thereafter. In the second place, failing in this duty, agent Dobson should have requested forms from his company by wire, telephone or air mail and his company should have transmitted such forms immediately by one of such methods.

The insurance company failed in both of these duties owed to the assured. The assured did everything he could under the circumstances to effect the change by telling agent Dobson that it was his intention that the change be made, that he desired the necessary forms to make the written request that the change be made, and turned over his insurance policy to agent Dobson for the purpose of having the change made.

It was pointed out in the oral argument that in each of the Tennessee cases where the Court held that the change of beneficiary had been effected by the assured doing everything he could do under the circumstances to effect the change or by substantially complying with the provisions of the policy there was a writing by the assured or someone acting for him showing his intention to make the change. It was also pointed out in the argument that none of the Tennessee cases involved a policy containing a provision that the written request for a change of beneficiary should be submitted on a form provided by the company and signed by the assured.

The provision of the policy in the present case required two steps to be taken in order to effect a change, namely, a written request of the assured on a form provided by the company, and the endorsement on the policy by the company.

The soldier, now deceased, complied with the only step that he could comply with by turning over the policy to the agent of the insurance company for its endorsement. He could not carry out the other step because the form that the company was to provide was not available due to the fault of the company.

Counsel for Mrs. Cowan, in argument, stated that if the soldier had signed a written request of a change that this would have been sufficient even though such request was not on a form provided by the company.

Under the terms of the policy a written request by the assured not on a form provided by the company would not have been in strict compliance with the terms of the policy.

It is argued that there is too much danger of fraud for the Court to set a precedent by holding that a change is made in the beneficiary of a policy where the assured has done all that he could under the circumstances to effect the change unless the assured has signed some writing showing his intention to make the change. This argument has some force in that the Court must at all times be on its guard to prevent fraud against a named beneficiary in the policy.

In this case, the Court heard the widow testify and has carefully examined the testimony of agent Dobson which was given in answers to interrogatories propounded to him in Germany and the Court is convinced from this testimony—there is none to the contrary—that the soldier intended that his widow have the proceeds of the insurance policy and to substitute his widow as the beneficiary in the policy instead of his mother; and, that his intention was evidenced on the night of June 7, 1959 to agent Dobson in the presence of his wife and that he would have signed the form for a change which is provided for in the policy if a form had been available on that evening.

This is what agent Dobson had to say about the matter:

"Answer. The reason Sergeant Miller handed his policy over to me was in order that I might transmit it to the company for the purpose of

changing the beneficiary to his wife, Mrs. Marlene A. Miller."

\* \* \* \* \* \*

"Answer. Sergeant Miller stated to me at that time (June 7, 1959) unequivocally that it was his desire and intention to change the beneficiary on his Mutual Savings Life Insurance policy to his wife, Mrs. Marlene A. Miller, and at that time he handed said policy over to me for the purpose of transmitting the policy and his request to the home office in order that the change might be completed."

\* \* \* \* \* \*

"Answer. His intention was unequivocal, without reservation. It was his intention to change the beneficiary immediately, and his intention was final."

With reference to the form, agent Dobson stated:

"Answer. I would have to state yes to that question. Sergeant Miller did ask me for such a form, for such a change of beneficiary form at that time."

\* \* \* \* \* \*

"Answer. I did not at that time give him a change of beneficiary form because I did not have such a form in my possession. Such forms ordinarily were mailed to the insured upon request directly from the home office in Decatur, Alabama."

\* \* \* \* \* \*

"Answer. Sergeant Miller at that time did request that I secure such a form for him."

\* \* \* \* \* \*

"Answer. Yes. Sergeant Miller did express an intention to change the beneficiary that night on his Mutual Savings Life policy to his wife, Mrs. Marlene A. Miller."

Mrs. Marlene A. Miller corroborated the testimony of agent Dobson on the aforementioned subjects.

The forms for the change of beneficiary did not arrive in Germany until July 10, 1959, or a month and seven days after the accident or about two weeks after the soldier's death.

Adverting again to the contention upon the part of counsel for Mrs. Cowan that the absence of a writing upon the part of the assured evidencing his intention to change the beneficiary in the policy prevents the change of beneficiary, the case of Provident Life & Acc. Ins. Co. v. Dotson et al., D.C.S.D.W.Va., 93 F.Supp. 538, 539 is in point. Some of the facts in that case are similar to the facts in the present case. The policy involved in that case gave the right to the insured to change the beneficiary "by filing a written request at the Home Office of the Company, such change to take effect only when endorsed by the Company on this certificate during the lifetime of the Employee".

The insured went to his employer's office three weeks before his death and orally advised the agents of the insurer that he wished to change the beneficiary, his estranged wife, to his mother. He was advised by the agents that they did not have a form for the requested change but would procure one. A few days later the insured made a second such request, but was told that the form had not been received. A few days later the insured died from shotgun wounds before the forms were received and filled out.

The insurance company filed a petition for interpleader to determine whether the wife or the mother of the insured was entitled to the proceeds of the policy.

The Court held that the insured did everything within his power to effect the change of beneficiary and that equity would treat that as done which ought to be done and that the change should be effected. In that connection, the Court said:

"It is clear from the evidence that the assured intended that his mother, and not his wife, should collect the insurance, and that the assured did everything within his power to effect such change of beneficiary.

**154**

\* \* \* It is also clear that the only reason the change in beneficiary was not made in strict compliance with the insurance policy was due to the fault or neglect of the agents of the insurance company in neither having nor procuring the written forms required by the insurance company. Had the company agents, charged with the duty of taking care of such matters, kept a supply of such forms on hand, or had they not neglected to obtain such forms, it is clear that the change in beneficiary would have been made in strict compliance with the procedure required by the insurance company. The intention and efforts of the assured to change his beneficiary may not be defeated by the negligence of the company's agents in failing to make available to him the appropriate form upon which to make written request for change of beneficiary." at page 540.

See: Finnerty v. Cook, 118 Colo. 310, 195 P.2d 973; Atkinson v. Metropolitan Life Ins. Co., 1926, 114 Ohio St. 109, 150 N.E. 748.

In the opinion of the Court the assured took every possible step which he could at the time to effect his intention and equity will not require the impossible.

In summary, the Court finds and holds:

(a) That the deceased soldier intended the proceeds of his insurance policy to go to his wife and not his mother.

(b) That he unequivocally declared his intention on June 7, 1959 in the presence of agent Dobson and his wife, to change his mother as beneficiary in the policy and to name in her stead his wife, Marlene A. Miller.

(c) That the applicable policy provision required the insured to take two steps to change the beneficiary—this provision was for the benefit of the company, Provident Life and Accident Ins. Co. v. Dotson, supra—namely, to sign a written request for the change of beneficiary on a form furnished by the company which was not available to him and turn over the insurance policy to the company for its endorsement.

(d) That the deceased soldier complied with the only step that was possible for him to comply with by turning over to the company the insurance policy for its endorsement. It was not possible for him to comply with the other step because a form which was to be furnished by the company was not available. This was due solely to the fault of the company. The form was not furnished to him by the company within a reasonable time after his request and this was also due to the fault of the company. An assured will not be defeated in his efforts to change a beneficiary by the fault of the company. As the insured did everything that he could do under the circumstances to change the beneficiary, equity will not require the impossible, but will treat that as done which ought to be done.

(e) That Mrs. Marlene A. Miller, the wife, is entitled to the proceeds of the policy. The insured complied substantially with the provisions of the policy in substituting her as beneficiary in the policy.

Present order in conformity with the findings and conclusions herein.