324 F.2d 756
 REPUBLIC NATIONAL LIFE INSURANCE COMPANY, a corporation, Plaintiff,
v.
Peter C. SACKMANN, an infant, Cicely G. Sackmann, as
guardian for said Peter G. Sackmann, an infant as aforesaid,
Ruth H. Sackmann, Bernard H. Cantor, as executor of the will
of Kenneth C. Sackmann, deceased, Defendants, Stella Tester,
Defendant-Appellant, Marge H. Sackmann, Defendant-Appellee.
 No. 15224.
 United States Court of Appeals Sixth Circuit.
 Nov. 19, 1963.
 
 Paul J. Sherwood, and Bernard H. Cantor, Johnson City, Tenn., for appellant.
 Thomas E. Mitchell, Johnson City, Tenn., for appellee.
 Before CECIL, Chief Judge, O'SULLIVAN, Circuit Judge, and FREEMAN, District Judge.
 CECIL, Chief Judge.
 
 
 1
 This appeal involves the determination of the legally designated beneficiary to the proceeds of an insurance policy of Republic National Life Insurance Company, in which Kenneth C. Sackmann, deceased, was the insured.
 
 
 2
 The Company, as plaintiff, interpleaded and paid $3500, the face amount of the policy, into the registry of the District Court for the Eastern District of Tennessee. Several defendants were named as potential claimants to the fund, only two of whom concern us on this appeal. The District Judge found that Marge Sackmann, the estranged wife of Kenneth C. Sackmann, was the legally designated beneficiary and awarded judgment to her for the fund in question. Stella Tester, the other principal claimant, appealed.
 
 
 3
 The case was tried to the court. The facts are stated in the opinion of the trial judge which he adopted as the required findings of fact and conclusions of law. (Rule 52(a) F.R.Civ.P.) Mr. Sackmann, the insured, was a member of and an active official, from 1957 until his death, of a local labor union which provided group insurance under a master policy on the lives of its members. This insurance coverage was carried by different insurers at various times. 'At times the coverage was transferred from one insurer to another; at other times the insurer changed its corporate name; and at still another time, a merger affected the exact identity of the insurer.' (Trial Judge's opinion.) The master policies were issued to the union's trustees and certificates were issued to the individual members. Enrollments were made through the union office.
 
 
 4
 'On some undeterminable date prior to March 9, 1961, Mr. Sackmann reenrolled with his union's trustees for $3,500 insurance on his life designating thereon the defendant Mrs. Marge H. Sackmann as his beneficiary. This enrollment (or re-enrollment) card was not dated, but the reasonable inference may be drawn that the date was on or soon after April 18, 1959, when Mr. Sackmann and the defendant Marge H. Sackmann were married. From that date until April 1, 1960, Mount Vernon Life Insurance Company was the insurer, the plaintiff (Republic National Life Insurance Company) becoming such insurer on the date last mentioned. Hospitalization coverage was added afterward. There appear to have been no contacts consummated between the plaintiff and the deceased between April 1, 1960 and the date of Mr. Sackmann's death.' (Trial Judge's opinion.)
 
 
 5
 On March 9, 1961, Mr. Sackmann suffered a violent death from a pistol wound in the temple. Subsequent to this, Mary Edmonson, the deceased's secretary, delivered to Stella Tester what purported to be copies of letters written by Mr. Sackmann two days before his death to the Republic National Life Insurance Company and to another insurer. These letters were dictated to the secretary by Mr. Sackmann on March 7, 1961. She typed them on that date and delivered the originals to Mr. Sackmann. She never saw them again. The substance of the Republic letter is as follows:
 
 
 6
 'The writer has been unable to find his original policy with the certificate number. However, your records will show he has contributed to the Fund for a great number of years.
 
 
 7
 'It is our desire to have a new policy issued with a change of beneficiary, it being changed from Marge H. Sackmann to read: Beneficiary-- Stella Tester.
 
 
 8
 'Please forward all necessary forms for signature without any undue delay as the writer would like this to go into effect immediately.'
 
 
 9
 When a claim was first made to the company for payment of the proceeds of the policy, it was unable to locate either an enrollment card or to determine who who the proper beneficiary. Subsequently an undated enrollment card was discovered designating Marge H. Sackmann as beneficiary. Fifteen days after Mr. Sackmann's death, the company issued certificate number 185878 and mailed it to Mr. Sackmann at the labor union office. This certificate showed Marge H. Sackmann to be the beneficiary.
 
 
 10
 On May 5, 1961, the president and business manager of the union sent the company proof of death, a reproduction of the policy certificate and a photostatic copy of the letter of March 7th. The company denied that it ever received the letter. 'The contract or policy of insurance involved provided that no change of beneficiary would take effect * * * 'until such a request shall have been filed at the Home Office of the Company * * *. " (Trial Judge's opinion.)
 
 
 11
 It is claimed on behalf of the defendant-appellant, Stella Tester, that the letter of March 7th must have been received and that the company complied with the first paragraph to issue the certificate, but through clerical error failed to note the request for change of beneficiary. It is argued that this claim is strengthened by the fact that the other letter dictated on the same day accomplished its purpose.
 
 
 12
 The trial judge found that there was no showing that the deceased ever made a request for changing the beneficiary to Stella Tester which was filed at the home office of the company. This finding is supported by the evidence and is undisputed. An examination of the evidence further reveals that there was no showing that the letter of March 7th was ever mailed or even signed by the deceased.
 
 
 13
 The theory of the appellant that the letter must have been delivered because the policy was mailed to the decedent at the union office is pure speculation. It is true no satisfactory explanation for the mailing of the policy was given. However, there was correspondence, between the attorney for Sackmann's estate and the company, immediately following his death. The company had not previously issued a policy to Sackmann after taking over the coverage from Mount Vernon.
 
 
 14
 Immediately prior to death the decedent was in a state of frustration. He may have decided to transfer one policy to Stella Tester and leave the Republic policy in the name of Marge Sackmann, since she was still his wife. Who knows? The finding of the trial judge that no request for change of beneficiary was ever filed with the company is not clearly erroneous.
 
 
 15
 Under the authorities in Tennessee, the beneficiary in an insurance policy may be effectively changed if the insured substantially complies with the provisions of the policy for such a change of beneficiary. The test of substantial compliance is whether the insured has done everything that he could do to make the change. The import of this is that he must convey to the company or its agent a request for the change of beneficiary. A mere unexecuted intention on the part of the insured is not enough.
 
 
 16
 The claimed change of beneficiary was not effective in the following cases: Davis v. Davis, 136 Tenn. 520, 190 S.W. 459; Cronbach v. Aetna Life Ins. Co., 153 Tenn. 362, 284 S.W. 72; Holmes v. Gooch, 3 Tenn.App. 80; National Life & Acc. Ins. Co. v. Bryant, 27 Tenn.App. 294, 179 S.W.2d 937; Jaudon v. Prudential Ins. Co. of America, 279 F.2d 730, C.A. 6. See also opinion of Judge Miller in 324 F.2d 759, Aetna Life Insurance Company, Plaintiff, Mary Presley Hayes and Mary Van Worsley Droke, Defendants-Appellants v. Berry J. Hayes, Defendant-Appellee announced today.
 
 
 17
 The change of beneficiary was held to be effective in these cases: Page v. Detroit Life Ins. Co., 11 Tenn.App. 417; Barnes v. Prudential Ins. Co., 28 Tenn.App. 109, 186 S.W.2d 918; Holmes v. Interstate Life & Acc. Ins. Co., 29 Tenn.App. 482, 197 S.W.2d 551; Life & Casualty Ins. Co. of Tenn. v. Cornish, 44 Tenn.App. 476, 315 S.W.2d 6; Mutual Savings Life Ins. Co. v. Cowan, 188 F.Supp. 148, (E.D.Tenn.).
 
 
 18
 In this case the evidence shows no more than an unexecuted intention on the part of the deceased. We conclude that no effective change of beneficiary from appellee, Marge Sackmann, to appellant, Stella Tester, was made.
 
 
 19
 The judgment of the District Court is affirmed.