Charles **STOKER**, Plaintiff-Appellant,

v.

Johnnie **COMPTON**, Defendant-Appellee.

Court of Appeals of Tennessee, Western Section.

Oct. 13, 1981.

Permission to Appeal Denied by Supreme Court Dec. 28, 1981.

Thomas A. Thomas of Thomas, Welles & Thomas, Dresden, for plaintiff-appellant.

Thomas L. Moore, Jr. of Brundige, Maloan, Gallien & Moore, P.C., Martin, for defendant-appellee.

## OPINION

BROOKS McLEMORE, Special Judge.

This case involves the ownership of the proceeds of certain life insurance policies insuring the life of James R. Stoker, deceased. Plaintiff-appellant states the issue as follows: "If a testator clearly indicates in his will that he wishes the proceeds of certain life insurance policies to benefit an individual other than the named beneficiary, does a constructive trust arise requiring distribution according to the terms of the will"?

James R. Stoker was the owner of two life insurance policies, a National Service Life Insurance Policy, a Federal Employees Group Life Insurance Policy, and a H.E.W. Federal Credit Union Account. The defendant, Johnnie Compton, is the sister of both the deceased James R. Stoker and the Plaintiff Charles Stoker. She was designated as the beneficiary of the two policies and the credit union account. Each of the above named policies contain specific provisions for the procedure to be followed to change the beneficiary. No attempt was made to change the beneficiary according to such procedures.

The National Service Life Insurance Policy provides that:

The insured has the right at anytime to designate the beneficiary under this policy, or to change the beneficiary without the knowledge or consent of any beneficiary. The designation or change, to be effective, must be made by a written notice signed by the Insured, and must contain sufficient information to identify the Insured. The notice must be forwarded to the Veterans Administration by the insured or his agent. When the notice is received by the Veterans Administration the designation or change will be deemed to be effective as of the date it was signed. A beneficiary designation, but not a change of beneficiary, may be made by Last Will and Testament duly probated.

The Federal Employee Group Life Insurance Policy provides that:

If you want to name a beneficiary or change the designation, you can do so by filing a written notice, signed and witnessed, with your employing office which can supply appropriate forms for this purpose. A witness to the designation may not receive payment as a beneficiary. You do not need the consent of anyone to change your beneficiary. A designation of a beneficiary is automatically cancelled on the day you transfer to another agency or 31 days after you cease to be insured.... Any designation of beneficiary, to be valid, must be received by your employing office before your death.

The provisions with respect to change of beneficiary of the H.E.W. account are not in the record, but it is admitted that the defendant is the named beneficiary.

On March 21, 1979, during the last weeks of James R. Stoker's life, he executed a will which contained the following paragraph:

3. I desire and direct that the proceeds from the following life insurance policies shall be collected and placed into the trust outlined in Paragraph 2:

(a) HEW Employees Federal Credit Union 300 Independence Avenue, S.W. Washington, D.C. 20201;

(b) U.S. Civil Service Commission Bureau of Retirement Insurance and Occupational Health Washington, D.C. 20415;

(c) Veterans Administration Washington, D.C.

Paragraph 6 seems to provide for the distribution of the proceeds of the trust mentioned in paragraph 2.

The Testator died April 2, 1979, and his will was probated April 4, 1979, in Weakley County, Tennessee. The proceeds of the two life insurance policies and the credit union account were paid directly to the Defendant named beneficiary in accordance with the terms of the contracts.

Plaintiff filed a Petition praying that the Court find that the will "created a constructive trust with the corpus of said trust being the proceeds of the three life insurance policies". The Defendant filed a Motion for Summary Judgment and, in support thereof, oral testimony was presented before the Chancellor and exhibits filed in the record all of which we have reviewed.

The Chancellor sustained the Motion for Summary Judgment and dismissed the suit.

Plaintiff has appealed.

We affirm the judgment of the Chancellor.

It is undisputed that the only efforts made by the testator-insured to change the beneficiaries of the policies and the H.E.W. account or otherwise dispose of the proceeds are contained in the foregoing stated portions of the will. If a constructive trust exists it must arise from these provisions.

Under such circumstances, we are of the opinion that *National Life & Accident Insurance Co. v. Bryant,* 27 Tenn.App. 294, 179 S.W.2d 937 (Tenn.App.M.S.1943), *cert. denied, id.* (Tenn.1944) and *Metropolitan Life Insurance Co. v. Bryant,* 28 Tenn.App. 473, 191 S.W.2d 449 (Tenn.App.M.S.1945),

*cert. denied, id.* (Tenn.1946) are dispositive of the case. These two cases arose out of acts of the same insured, i.e., Bessie Bryant and involved the same parties.

In the *National Life and Accident Insurance Co.* case, Bessie Bryant was the owner of two insurance policies naming her husband, David, as beneficiary. On October 6, 1942, Bessie Bryant executed a will naming Georgia A. Chapman as sole beneficiary. On October 12, 1942, the solicitor for Bessie Bryant called at the district office of the insurance company and attempted to set in motion the procedures provided by the policy for change of beneficiary. Before these procedures could be complied with, Bessie Bryant died on October 13, 1943.

The Court did not discuss the provision of the will of Bessie Bryant making Georgia A. Chapman her sole beneficiary, however with reference to changes of beneficiaries of insurance policies the court said:

The subject is fully discussed in the case of *Cronbach v. Aetna Life Insurance Company* in 153 Tenn. 362, 284 S.W. 72, 73, and the Court said:

"The rules of law applicable to such cases and approved generally by the courts of this country are succinctly and accurately set forth in 37 Corpus Juris, § 350, p. 584, as follows:

" 'Policies authorizing a change of beneficiary usually specify the mode of effecting the change, as by filing a written notice or request, accompanied by the policy, at the home office of the company, and the indorsement of the change on the policy by the company. In order to effect a change of beneficiary the mode prescribed in the policy must be followed, it being held in some cases that a substantial compliance is necessary and in others that a strict compliance is required. A mere unexecuted intention to change the beneficiary is not sufficient. The company has a right to insist upon compliance with the provisions of the policy, and while it may waive or be estopped to assert provisions intended for its benefit

and protection, a waiver by it after the death of insured is ineffectual as against the original beneficiary. On the principle that equity regards as done that which ought to be done, the courts will give effect to the intention of insured by holding that the change of beneficiary had been accomplished *where he had done all that he could* to comply with the provisions of the policy, as where he sent a proper written notice or request to the home office of the company but was unable to send the policy by reason of circumstances beyond his control, as where it has been lost, or was in the possession of another person who refused to surrender it or was otherwise inaccessible, or where he sent both the policy and a proper written notice or request and all that remained to be done were certain formal and ministerial acts on the part of the company, such as the indorsement of the change of the policy, and these acts were either not done at all or were done after the death of insured. *Of course the rule is not applicable where insured has not done all that he reasonably could to meet the conditions of the policy.'*"

The maxim invoked by appellants cannot be relied upon against the complainant and the beneficiary to create a right contrary to the terms of the policy and in disregard of the rights of the named beneficiary. (Emphasis added)

27 Tenn.App. at 298–300, 179 S.W.2d at 938–39.

The rule laid down here is referred to as the substantial compliance doctrine and is the law of Tennessee. *Barnes v. Prudential Insurance Co.,* 28 Tenn.App. 109, 186 S.W.2d 918 (Tenn.App.E.S.1944), *cert. denied, id.* (Tenn.1944); *Life & Casualty Insurance Co. v. Cornish,* 44 Tenn.App. 476, 481, 315 S.W.2d 6, 8 (Tenn.App.M.S.1958), *cert. denied, id.* (Tenn.1958); *Boles v. Croom,* 55 Tenn.App. 367, 400 S.W.2d 261 (Tenn.App.W.S.1964), *cert. denied, id.* (Tenn.1964); *Jaudon v. Prudential Insurance Co. of America,* 279 F.2d 730, 733 (6th Cir.1960).

The decision in *National Life and Accident Insurance Co. v. Bryant, supra,* was followed in the later case involving policies of insurance upon the life of the same insured. In this case, *Metropolitan Life Insurance Co. v. Bryant, supra,* the court after discussing the efforts of Bessie Bryant to have certain policies actually delivered to the beneficiary of Bessie Bryant's will, stated:

The proceeds of an insurance policy in which a beneficiary is named are not subject to an oral gift or assignment and do not pass by will so as to defeat the rights of the named beneficiary.

Plaintiff contends that the above statement is *dicta.* If same was *dicta* in that case, the rule has now been quoted with approval by our Supreme Court in *Cook v. Cook,* 521 S.W.2d 808, 813 (Tenn.1975), a case upon which the plaintiff strongly relies.

We are of the opinion that *Cook v. Cook, supra,* does not help plaintiffs case. That case, as previously pointed out, approves the rule above quoted from *Metropolitan.* That case involved a situation where from the pleadings and statements of defendant's counsel it appeared that the named beneficiary had entered into an oral agreement with the insured that he, the beneficiary, would use the proceeds upon receipt for the benefit of others. The Supreme Court sent the case back to the Chancery Court for a determination as to the terms of an oral express trust. Ultimately these terms were established. See *Cook v. Cook,* 559 S.W.2d 329 (Tenn.App.W.S.1977), *cert. denied, id.* (Tenn.1977).

Plaintiff has cited the unreported case of *Adkerson v. Adkerson,* 4 TAM 47–6 (Tenn. App.1979). We have carefully examined this case, and we are not persuaded that there is anything in that case to support plaintiffs theory of constructive trust.

We are satisfied that this case was properly decided upon the Motion for Summary Judgment, and the judgment of the Chancery Court is affirmed. Costs will be taxed against the plaintiff-appellant.

NEARN and SUMMERS, JJ., concur.