**Helen B. COOPER, Plaintiff-Appellant,**

v.

**The UNITED STATES of America, Defendant,**

and

**Ruby AKERS, Defendant and Third-Party Plaintiff.**

**No. 15778.**

United States Court of Appeals Sixth Circuit.

Feb. 5, 1965.

---

Robert A. Frazier, Chattanooga, Tenn. (Alvin O. Moore, Spears, Moore, Rebman & Williams, Chattanooga, Tenn., on the brief), for appellant.

James L. Banks, Chattanooga, Tenn. (Sizer Chambliss, Chattanooga, Tenn., on the brief), for third-party defendants-appellees.

Before MILLER, O'SULLIVAN and PHILLIPS, Circuit Judges.

SHACKELFORD MILLER, Jr., Circuit Judge.

The appellant, Helen B. Cooper, a resident of Chattanooga, Tennessee, instituted this proceeding in the United States Distict Court for the Eastern District of Tennessee to recover from the United States of America proceeds allegedly due her under three life insurance policies totaling $10,000.00 on the life of William Akers. The suit was brought under the National Service Life Insurance Act of 1940, Title 38, United States Code, Section 801 et seq., 1942 Edition, and World War Veterans' Act of 1924, as amended, Title 38, United States Code, Section 445, 1942 Edition. The defendant, United States of America, having filed an answer and counterclaim for interpleader, an order of the District Court was entered pursuant to the provisions of Title 38, United States Code, Section 784, 1959 Edition, and Rule 13(h) and Rule 22 of the Federal Rules of Civil Procedure, making Margaret Heard, Ruby Akers, the insured's wife, and Ella Akers, the insured's mother, parties defendant to this action. A default judgment was entered against the defendants Ella Akers and Margaret Heard for failure to take any action relative to the proceeding. The plaintiff appeals from an adverse ruling in the court below with respect to one of the three policies involved.

The facts are not in dispute. During his tenure in the United States Armed Forces, William Akers was insured under three life insurance policies totaling $10,-000.00. Ruby Akers, the insured's wife, was the principal beneficiary under each of the policies as of August 31, 1960. On November 1, 1960, all three policies, United States Government Life Insurance Policy No. K 1 162 254 in the amount of $1,000.00, and National Service Life Insurance Policies Nos. V 875 235 and V 16 337 355 in the amounts of $2,000.00 and $7,000.00, respectively, lapsed for nonpayment of premiums. A subsequent claim on behalf of the insured, William Akers, resulted in a determination that he was entitled to premium waiver benefits, which continued National Service Life Insurance Policies Nos. V 875 235 (in the amount of $2,000.00) and V 16 337 355 (in the amount of $7,000.00) in force. On November 3, 1961, the Veterans Administration authorized issuance of a service disabled veterans' National Service Life Insurance policy in the amount of $1,000.00, being policy No. RH 16 716 909. These policies were in force at the death of the insured on April 12, 1962. Although the insured named his mother, Ella Akers, as principal beneficiary under a lump sum option settlement on all three policies at the time of the application for premium waiver benefits, he later executed an official change of beneficiary form naming Margaret Heard as principal beneficiary on all three policies.

On March 21, 1962, the insured made a further change in his insurance by executing two official change of designation forms, which named the appellant Helen Cooper, who was a cousin of the insured and who nursed him during his last illness, as principal beneficiary and his mother, Ella Akers, as contingent beneficiary. These two forms referred to Policies Nos. RH 16 716 909 and V 875 235, respectively, and the appellant's right to recover on these policies is conceded. No mention was made, nor was any form filled out, for Policy No. V 16 337 355 at that time. It is this third policy in the amount of $7,000.00 which is the subject of this appeal, the proceeds of which are claimed by Helen Cooper in this action. The District Court dismissed the claim of Helen Cooper with respect to this policy.

Appellant takes the position that it was the insured's intention to name her as beneficiary under Policy No. V 16 337 355 as well as the two policies upon which an effective change of beneficiary was made. The District Court, however, found that although the insured did indeed manifest such an intention, appellant failed to prove that an effective change of beneficiary was actually executed by the performance of acts sufficient to carry out this intent.

In order for the insured to effectuate a change of beneficiary under the insurance policy in question, it was necessary for him to fill out a separate change of beneficiary form, which made specific reference to the $7,000.00 policy. This requirement is stated in boldface type on each side of the change of beneficiary form. This was not done.

■ The appellant insists that this requirement was satisfied by the inclusion of the word "all" in the change of beneficiary forms actually executed. Spaces were provided on these forms for the designation of each principal beneficiary and contingent beneficiary. There was another column in which was to be written the amount each beneficiary was to receive in the event more than one beneficiary was specified. On the form filled out for each of the two policies, the word "all" was written in this column next to Helen Cooper's name as the principal beneficiary. According to appellant's theory, the word "all" referred to all insurance owned by the insured, including the $7,000.00 policy involved in this appeal.

The District Judge rejected this contention and found that the word "all" referred only to the total amount of proceeds of the policy indicated in the change of beneficiary form. We agree with the District Judge that the logical construction of the word "all" under the circumstances is that it referred to all of the insurance under the policy in which the

beneficiary was being changed and to which the form specifically referred and did not refer to insurance under a different policy, for which no form was filled out.

■ We have held that where the insured wishes to change the beneficiary of his life insurance, a mere unexecuted intention so to do is not enough. Republic National Life Insurance Co. v. Sackmann, 324 F.2d 756, C.A. 6th. In the present case, appellant has failed to show that sufficient acts were taken in furtherance of that intent.

■ Appellant urges upon the court the application of the so-called substantial compliance doctrine, that if the insured has done everything reasonably possible to effect a change in beneficiary, a court of equity will decree that to be done which ought to be done. Mutual Savings Life Insurance Co. v. Cowan, 188 F.Supp. 148, E.D.Tenn., Life and Casualty Ins. Co. of Tenn. v. Cornish, 315 S.W.2d 6, (Tenn. Appeals). The doctrine is not applicable to the facts of the present case. The insured's complete failure to execute any written statement attempting to transfer the beneficial enjoyment of the $7,000.00 policy supports the conclusion that the insured did not meet the requirements of the doctrine. Republic National Life Insurance Co. v. Sackmann, supra, 324 F.2d 756, C.A. 6th; Aetna Life Insurance Co. v. Hayes, 324 F.2d 759, C.A. 6th; Tomaneng v. Reeves, 180 F.2d 208, C.A. 6th; Cronbach v. Aetna Life Ins. Co., 153 Tenn. 362, 284 S.W. 72.

■ At the time of the decedent's death, the policy herein involved named Margaret Heard as beneficiary. She was made a party to this action, but did not assert a claim and a default judgment was entered against her, by reason of which the District Judge ruled that she had no interest in this policy. No appeal was taken from that ruling. But the District Judge held that that ruling and the denial of Helen Cooper's claim as beneficiary did not reinstate Ruby Akers as beneficiary, who was legally removed as beneficiary by the insured when he designated first his mother and then Margaret Heard as beneficiary. He held that the effect of the disclaimer was to leave no designated beneficiary under the policy and that under Section 717(d), Title 38, United States Code, 1959 Edition, the proceeds of this policy were payable to the estate of the insured. Since the estate of the insured was not a party to this action, the Distict Judge was unable to enter a judgment disposing of claims against the proceeds of this policy in the administration of decedent's estate. Accordingly, the judgment entered was restricted to awarding Helen Cooper the proceeds under the $1,000.00 and $2,000.00 policies and to dismissing the claims of all parties as beneficiaries of the $7,000.00 policy. We concur in the ruling.

The judgment of the District Court is affirmed.