ALAN E. REDD, Appellant, *v.* JAMES R. BROOKE, Administrator of the Estate of MARY FRENCH CARON, aka MARY FRENCH REDD, Deceased, Respondent.

No. 10262

January 3, 1980                                                604 P.2d 360

*Cunningham & Williams, Chartered,* Reno, for Appellant.

*Frankie Sue Del Papa,* Reno, for Respondent.

## OPINION

*Per Curiam:*

Wendell E. Redd died on May 21, 1976. His ex-wife, Mary French, survived him by only a few minutes. Wendell Redd's brother, the contingent beneficiary of an insurance policy on his life, sued the administrator of Mary's estate, to recover proceeds received pursuant to the policy.

Alan Redd, the contingent beneficiary, asks this court to reverse a judgment in favor of Mary's administrator, and to instruct a judgment in his favor. Appellant Redd contends that a provision of a divorce decree terminated Mary's interest as named beneficiary, even though Wendell had taken no steps to remove her as the policy's named beneficiary. The divorce decree provided:

> NOW, THEREFORE, by virtue of the law and the facts, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:
>
> 1. That plaintiff, MARY FRENCH REDD, be, and she hereby is, given and granted a final and absolute divorce from the defendant, WENDELL EDWARD REDD, upon the ground that plaintiff and defendant are incompatible; said divorce to be in full force and effect immediately, there being no provision in the laws of the State of Nevada for interlocutory divorce, or restrictions on remarriage of either party.
>
> 2. That the oral agreement settling and determining the property rights of the parties hereto is hereby confirmed, ratified and approved and made a part of this Decree of Divorce, and the parties hereto are hereby ordered and directed to comply with its terms which are as follows: . . .
>
> That each party be awarded life insurance on his or her life.

The general rule is that the rights of the beneficiary in an ordinary life insurance policy are not affected by subsequent divorce, particularly where no attempt is made to change the

beneficiary after the divorce and the insured keeps up payments on the policy. 4 Couch on Insurance 2d § 27:111 (2 ed. 1960).

It is also the rule that a wife may contract away her rights in the insurance on the husband's life when a decree of divorce is obtained. General expressions or clauses in an agreement are not to be construed as including an assignment or renunciation of expectancies. The beneficiary retains status under the policy if it does not clearly appear from the agreement that, in addition to segregation of their property, the spouses intended to deprive either spouse from the right to take under the insurance policy. 4 Couch Ins. 2d § 27:114. Nevertheless, if the language in the decree of divorce in this case could be construed as a waiver or renunciation of Mary's right to take as Wendell's beneficiary, then arguably the trial court erred in confirming the payment of the proceeds of the policy to Mary's estate. *See* Romero v. Melendez, 498 P.2d 305 (N.M. 1972); Thorp v. Randazzo, 264 P.2d 38 (Cal. 1953).

The trial court concluded as follows:

> . . . Mary and Wendell, by their oral property settlement agreement, did not intend to waive any future rights, beneficial interests in insurance policies, or expectancies. Further, Wendell Redd did not intend to remove Mary French Caron as beneficiary of the Fidelity Union Life Insurance policy (No. 867663) and that defendant is entitled to retain the proceeds of such policy and that plaintiff shall take nothing by his complaint.

The trial court relied upon a California case, Grimm v. Grimm, 157 P.2d 841 (Cal. 1945). The trial court's findings are supported by the evidence and we fail to perceive any abuse of the trial court's discretion. It is a simple matter to change a beneficiary on a policy after divorce, just as it is a simple matter to include an explicit waiver or relinquishment of the right of the beneficiary to take under the policy when the decree is drawn. Absent unequivical language or actions to support a finding of relinquishment or waiver by Mary, we decline to speculate as to what the parties may have intended. The divorce decree settled the community property interests of the parties awarding to each the ownership of the policy on his or her life including any cash surrender value which may have accured and the right to name a new beneficiary.

We hold that there was no waiver or relinquishment in the decree of divorce of Mary's right to take as beneficiary under

Wendell's policy of insurance. *See* Lincoln National Life Insurance Company v. Blight, 399 F.Supp. 513, 515 (E.D.Pa. 1975), *aff'd,* 538 F.2d 319 (3rd. Cir. 1976). Although a contrary rule is urged by appellant, *cf.* Dudley v. Franklin Life Insurance Company, 440 P.2d 363 (Or. 1968) (applying California law), we are persuaded that this court should require explicit language in a divorce decree to divest a former spouse of his or her rights as designated beneficiary. We further note that in the *Dudley* agreement, the wife agreed to waive her rights of succession and inheritance.

For reasons stated, we affirm.