ROBERT V. OHRAN, APPELLANT, v. SIERRA HEALTH AND LIFE INSURANCE COMPANY, INC., RESPONDENT.

No. 25454

May 25, 1995                                             895 P.2d 1321

*Terrance Shea,* Reno, for Appellant.

---

*Jack I. McAuliffe and Michael McAuliffe,* Reno, for Respondent.

## OPINION

*Per Curiam:*

In this case, we must determine whether a divorce terminates a former husband's right to receive life insurance benefits as the named beneficiary of the former wife's life insurance policy. For the reasons discussed below, we hold that a divorce decree must contain explicit language to divest a former spouse of his or her rights as a designated beneficiary of a life insurance policy. We reverse the district court order and remand the case for further proceedings consistent with this opinion.

Katherine I. Ohran was employed by Regional Emergency Medical Services Authority (REMSA) as an emergency care nurse. As a REMSA employee, Katherine Ohran received the following employee benefits which are at issue in this case: (1) Sierra Health and Life—$20,000.00 life insurance and $20,000.00 accidental death and dismemberment coverage and (2) Life Insurance Company of North America of Philadelphia (INA)—a group blanket accident policy with a face value of $100,000.00. Katherine Ohran named her then-husband Robert V. Ohran as the primary beneficiary of both the Sierra Health and Life policy and the INA policy; she did not provide for a contingent beneficiary for either policy.

On June 13, 1991, Robert Ohran and Katherine Ohran divorced. The divorce decree incorporated the property settlement agreement entered between the parties on June 13, 1991. In the property settlement agreement both parties relinquished any rights to the other's estate "as heir or otherwise."

On June 4, 1991, Katherine Ohran sent a letter to Safeco Insurance requesting that Robert Ohran be removed as beneficiary to her policy.[1] She named her two children as co-beneficiaries of the policy.

Prior to her death, Katherine Ohran filled out a Group Insurance enrollment card. She designated her children as co-primary beneficiaries. She failed to date the card or deliver it to INA, Sierra Health and Life or REMSA.

The district court held that Katherine Ohran took sufficient steps prior to her death to name her children as the co-beneficiaries of the policies. It entered summary judgment against Robert Ohran, awarding the insurance proceeds to him in his capacity as guardian of the two children. He appeals.

A divorce decree must contain explicit language to divest a former spouse of his or her rights as a designated beneficiary of a life insurance policy. Redd v. Brooke, 96 Nev. 9, 604 P.2d 360 (1980). When it required "unequivocal language" in the divorce decree itself, this court reasoned that "it is a simple matter to include an explicit waiver or relinquishment of the right of the beneficiary to take under the policy when the decree is drawn." *Id.* at 11, 604 P.2d at 361. In *Redd,* this court concluded that an oral agreement as to property division did not divest the ex-wife of any insurance benefits of the ex-husband absent a written agreement to the contrary. *Id.* at 11-12, 604 P.2d at 362.

In the present case, the divorce decree terminates unequivocally Robert Ohran's rights to inherit the estate. The divorce decree incorporated the property settlement agreement, which provided that: "Each party hereto does specifically waive, relinquish, and release any and all rights, title or interest in and to the estate of the other *as heir or otherwise,* and the right to inherit the estate of the other at his or her death . . . ." (Emphasis added.) The divorce decree does not, however, address the issue of life insurance or Robert Ohran's status as beneficiary of Katherine Ohran's life insurance policies. The words "or otherwise" are too vague to meet the standard of *Redd,* which requires an

---

[1]Safeco Insurance Company is not a party to this litigation, nor is it connected with Sierra Health and Life or INA in any way.

"explicit waiver or relinquishment" within the divorce decree. *Id.* at 11, 604 P.2d at 361.

■■■■■■

Sierra Health and Life argues that, before her death, Katherine Ohran took actions that evidenced her intent to terminate Robert Ohran's status as beneficiary of the insurance policy. Katherine Ohran obtained a form from INA to change the beneficiary, and had partially filled it out; she did not sign, date or submit the card to INA before she died. Katherine Ohran's failure to complete and send the necessary documents to the insurance companies precludes the conclusion that Katherine Ohran intended to terminate Robert Ohran's right to collect as the beneficiary to her insurance.

In a case directly on point, the Alabama Supreme Court held that the insured did not change the beneficiary when the insured failed to send a complete and signed form to the insurance company. Gibson v. Henderson, 459 So.2d 845 (Ala. 1984). In response to the argument that the insured forgot to mail the form, the Alabama Supreme Court reasoned that "[i]t is equally logical to conclude that he decided not to change his beneficiary." *Id.* at 848. Other courts require the insured to sign and send the proper form to evidence an intent to change the beneficiary. *See* Cooper v. United States, 340 F.2d 845 (6th Cir. 1965); Aetna Life Insurance Co. v. Hayes, 324 F.2d 759 (6th Cir. 1963). We cannot conclude that Katherine intended to terminate Robert Ohran's rights as a beneficiary from the fact that she partially completed a form to change the beneficiary.

■■■■■■

Sierra Health and Life notes that Katherine Ohran notified Safeco Insurance that she wanted to change the beneficiary of her insurance policy with that company. Katherine Ohran's letter to Safeco has no effect upon her INA or Sierra Health and Life policies; it only evidences her desire to change the beneficiary of her Safeco policy. Furthermore, Katherine Ohran's letter to Safeco shows that she was quite capable of changing the beneficiary of her Sierra Health and Life and INA policies if she so desired.

The evidence before the district court fails to support the conclusion that Robert Ohran was no longer the beneficiary of Katherine Ohran's insurance policies. We reverse the district court order granting summary judgment and remand for further proceedings consistent with this opinion.