**FORTIS BENEFITS INSURANCE COMPANY, Plaintiff,**

v.

**Allison JOHNSON, Geraldine Johnson, Defendants.**

**No. CV–N–95–00689–DWH.**

United States District Court, D. Nevada.

June 17, 1997.

Robert J. Arneson, Bongiovi & Silvestri, Chtd., Las Vegas, NV, for Plaintiff.

Sandra G. Lawrence, Dyer, Lawrence & Cooney, Carson City, NV, for Allison Johnson.

Suellen Fulstone, Woodburn & Wedge, Reno, NV, for Geraldine Johnson.

## ORDER

HAGEN, District Judge.

Before the court are interpleader defendants' cross-motions for summary judgment (# # 20, 22). For the reasons set forth below, the motion of Geraldine Johnson is granted, and judgment is granted in her favor. Allison Johnson's motion is denied.

At issue is the proper beneficiary to the proceeds of a fifty thousand dollar[1] life insurance policy. The insured, Michael Johnson, became an employee of Elko County in 1989. Life insurance was an optional fringe benefit of that employment, and Michael Johnson signed up for that insurance. The insurance policy was issued by North American Life and Casualty (NALAC) and administered by Western Insurance Specialties. Johnson initially designated Allison Faires, his then girlfriend, as the beneficiary on the policy, identifying her on that policy as his wife, Allison Johnson. The policy stated as follows, "[a] Beneficiary designation and any change in designation must be filed in writing with the Administrator on a properly completed form and will become effective only when appeared and recorded by the Administrator." On July 10, 1990, Western received a signed, handwritten letter, dated June 27, 1990, from Michael Johnson stating, in relevant part, "[p]lease change the benefi-

ciary on my insurance policy to Geraldine Johnson ... from Allison M. Johnson." There is evidence that approximately seven weeks[2] after its receipt of this letter Western sent a signed change of beneficiary form to Michael Johnson; however, because Western may have sent it to Johnson's previous address, it is unclear whether Johnson ever received the form. The portion of the form entitled "For Insurance Company's Use Only—Acknowledgment of Change" was signed by the Vice President and Secretary of ALAC; however, the box labeled "date recorded" was left blank.

The parties dispute whether Michael Johnson's attempt at changing the designated beneficiary was effective, and agree that the issue is one of law which is appropriate for determination on cross-motions for summary judgment. Geraldine Johnson contends no genuine issue of material fact exists as to the insured's intent to make her the beneficiary; she further argues that where, as here, there has been substantial compliance with requirements for change of beneficiary, technical defects in the change of beneficiary notice should not defeat the intent of the insured. Allison Johnson contends that Nevada courts have rejected the doctrine of substantial compliance; she further argues that even if the doctrine were recognize, the insured's actions do not constitute substantial compliance.

 A federal court, sitting in diversity, construing an insurance policy, must apply the law of the state[3] in construing an insurance policy. The court must construe the

1. Per the jurisdictional allegations in the complaint, the policy provides for payment of $50,-000.00 plus interest. Therefore, the complaint satisfied the amount in controversy required at the time this action was filed.

2. Michael Johnson's handwritten letter was dated June 27, 1990. It was date-stamped by Western Insurance Specialists, Inc. July 10, 1990. Handwritten notes on the letter stated "pull file and send bene change form—Elko County" and "sent note and form on 8/30/90".

3. If this case had been brought by either of the claimants, rather than the insurance company, see Cripps v. Life Insurance Company of North America, 980 F.2d 1261 (9th Cir.1992), the contract claims would be governed by ERISA. The result would be the same. The substantial com-

pliance doctrine in the change of beneficiary context is part of the federal common law of ERISA. See Phoenix Mutual Life Insurance Company v. Adams, 30 F.3d 554, 565 (4th Cir.1994); but cf. Peckham v. Gem State Mutual, 964 F.2d 1043 (10th Cir.1992) (state common law doctrine of substantial compliance not preempted by ERISA.) "[A]n insured, substantially complies with the change of beneficiary provisions of an ERISA life insurance policy when the insured: (1) evidences his or her intent to make the change and (2) attempts to effectuate the change by undertaking positive action which is for all practical purposes similar to the action required by the change of beneficiary provisions of the policy." Phoenix, at 564.

policy as the state court would if presented with the question. However, if there is no state law directly on point, the federal court is free to resort to the law of other states[4] for guidance. *See Russ & Segalla,* 4 Couch on Insurance 3d § 24.49; *Reingold v. New York Life Insurance Company,* 85 F.2d 776 (9th Cir.1936). In the absence of state law specifically addressing the, question, the Nevada Supreme Court has looked to *Couch on Insurance* as an authoritative treatment of issues arising under insurance contracts. *See, e.g., Redd v. Brooke,* 96 Nev. 9, 604 P.2d 360 (1980). The court's review of the applicable portions of the *Couch* treatise reveals that the intent of the insured with regard to the designation of beneficiary is generally the controlling element in disputed cases. Russ and Segalla, *2 Couch on Insurance,* § 28.7.

■ No Nevada decision addresses the issue whether substantial compliance with an insurance company's requirements for change of beneficiary to a life insurance policy is sufficient. However, it is clear that the doctrine of substantial compliance is recognized in Nevada in a wide range of contexts. *See, e.g., Derouen v. City of Reno,* 87 Nev. 606, 491 P.2d 989 (1971) (substantial compliance with statute governing tort claims against a city sufficient to allow plaintiff to proceed); *Las Vegas Plywood and Lumber, Inc. v. D & D Enterprises,* 98 Nev. 378, 649 P.2d 1367 (1982) (substantial compliance with notice provision of mechanic's lien statute sufficient to perfect the liens); *Harris v. State,* 104 Nev. 246, 756 P.2d 556 (1988)(substantial compliance with notice provision of bail bond statute sufficed for court's forfeiture order); *Dunes Hotel, Inc. v. Schmutzer,* 78 Nev. 208, 370 P.2d 685 (1962) (substantial compliance with terms of landscaping contract entitled landscaper to his fee); *Sharp v. Twin Lakes Corporation,* 71 Nev. 162, 283 P.2d 611 (1955) (substantial compliance with lease provision obligating lessee to improve premises building contract) *See also* John D. Calamari & Joseph M. Perillo, *The Law of Contracts* §§ 11–15 at 454 (3d ed. 1987) ("If a party has substantially performed, it fol-

lows that ny breach he may have committed is immaterial.") Furthermore, it is clear that Nevada courts apply the doctrine in the insurance context. *See, e.g., Walker v. American Bankers Insurance Group,* 108 Nev. 533, 836 P.2d 59 (1992) (substantial compliance with proof of loss provision of homeowner's insurance policy sufficient for coverage). In light of the cited Nevada cases applying the substantial compliance doctrine, the court concludes a Nevada court would apply the doctrine to a contractual change of beneficiary clause in a life insurance policy in an appropriate case.

■ Allison Johnson argues that even if the doctrine of substantial compliance is applicable, that doctrine would require that the insured do everything in his power to effect the intended change. This is the law in some jurisdictions; however, an examination of the caselaw shows that this is not the approach of the Nevada courts. In the proof of loss context, the test for determining whether the insured has may recover despite failure to strictly comply with the policy's proof of loss requirement is whether the proof submitted is sufficient to fulfill the purposes of the proof of loss requirements. *Walker,* 108 Nev. 533, 836 P.2d 59 (1992). Similarly, a covenant by a lessee to make improvements upon the leased premises is to be given in reasonable interpretation in light of the purposes to be served and the results sought to be accomplished. *Sharp,* 71 Nev. 162, 283 P.2d 611 (1955). These cases suggest that Nevada courts will find substantial compliance with contract terms where one party makes a substantial effort to comply with policy requirements, the party seeking to enforce the provision has notice of the other party's efforts to comply and has obtained substantially the intended benefit of the contractual provision.

■ Furthermore, in this case, Allison Johnson is the party seeking to enforce the provision. However, because conditions on the endorsement of, or consent to, a change of beneficiary are ministerial and meant for the benefit of the insurer, only the insurer may object if they are not complied with.

---

**4.** It is ordinarily held that substantial compliance with the requirements of a change of beneficiary clause is sufficient to effect the change. *Russ & Segalla,* 4 Couch on Insurance 3d § 60:26.

*Russ and Segalla*, 4 Couch on Insurance 3d § 60:57 n. 6 and accompanying text; § 60:59 n. 26 and accompanying text. The filing of this interpleader action is a disclaimer of interest in enforcing the contract terms; the insurer has waived [5] the defense of failure to strictly comply with the terms of the contract. "The insurer waives [6] precise compliance with the terms of a ... change of beneficiary provision once it institutes an interpleader action and submits the insurance policy proceeds to the court, thereby withdrawing itself from the action." *See Provident Mutual Life Ins. Co. Of Philadelphia v. Vergara*, 1995 WL 571874 (S.D.N.Y.1995) (internal citations omitted); *Russ & Segalla*, 4 Couch on Insurance 3d, § 60:61. In this case, the contract provided that any change of beneficiary "must be filed in writing with the administrator on a properly completed form and will become effective only when approved and recorded by the administrator." It is undisputed that the insurance company, through its agent, Western, had actual notice of the insured's efforts to change his beneficiary designation. It is unknown whether the form mailed by Western was sent to the insured's previous address; therefore, it has not been shown to have been "duly directed", a precondition to the presumption of delivery within the meaning of N.R.S. 47.250(13). Furthermore, the portion of the change of beneficiary form mailed by Western on August 30, 1990 labeled "Acknowledgement of Change" was signed by the Vice President and secretary of the insurer, indicating that the insurer acknowledged the change even before the form was filled out and returned by the insured.

■ It is undisputed that by sending the June 27, 1990 letter, the insured expressed his intent to change his beneficiary. While mere manifestation of the intent or desire to change the beneficiary, without more, is insufficient to effect such change, *see Russ and Segalla*, 4 Couch on Insurance 3d, § 60:40, in this case, the insured's letter also represents an affirmative step towards accomplishing that change. It is undisputed that the insurer, through its administrator, had knowledge of the change. These undisputed facts tend to show no prejudice to the insurer resulted from the insured's failure to strictly comply with the terms of the contract. As Geraldine Johnson argues, the purpose of the change of beneficiary is provision is to protect the insurance company from the risk of double payment, a risk obviated by this interpleader action. Thus, no prejudice to the insurer can be found. As for prejudice to Allison Johnson, any argument that prejudice resulted to Allison Johnson must fail. Strict compliance with change of beneficiary procedures may be required where the right of the original beneficiary is a vested one; however, a beneficiary only acquires a vested interest where the policy does not reserve to the insured the power to change the beneficiary. *Russ & Segalla*, 4 Couch on Insurance 3d §§ 58:11, 60:26. Under the terms of the policy, the insured had the right to change the designated beneficiary at any time. Therefore, Allison Johnson's right to the policy proceeds did not vest, and she had no right which could be prejudiced by the insured's failure to strictly comply with the contract terms.

The holding in *Ohran v. Sierra Health and Life Insurance Company*, 111 Nev. 688, 895 P.2d 1321 (1995) is not to the contrary. In *Ohran*, the court held that neither a divorce decree nor an unsigned, undated change of beneficiary card was sufficient to establish the insured's intent to change his designated beneficiary. In that case, the court emphasized that the insured had obtained the proper form and then had not signed, dated, or submitted the card to the insurer. Referring

---

**5.** Other facts indicating waiver are the more than seven week delay between Western's receipt of Johnson's instructions to change his designated beneficiary and its attempted transmission of the change of beneficiary form. In addition, the fact that the form allegedly sent to Mr. Johnson was signed by an agent of the insurer indicates that the act of approval was purely ministerial, rather than substantive.

**6.** *See also Russ & Segalla,* 4 Couch on Insurance 3d § 60:57. ("The rationale for the rule that the conditions respecting the endorsement of, or consent to, a change of beneficiary may be waived by the insurer is that such provisions are solely for the protection of the insurer, and that therefore, only the insurer may object if they are not complied with by the insured in expressing his or her intention to designate a new beneficiary.")

**992**

to an Alabama case with similar facts, the court stated, "[i]n response to the argument that the insured forgot to mail the form, the [court] reasoned 'it is equally logical to conclude that he decided not to change his beneficiary.'" *Id.*, at 691, 895 P.2d 1321. The *Ohran* court found the evidence insufficient to infer the insured's intent. In contrast, here the insured sent a signed, dated letter instructing the insurer to change the designated beneficiary from Allison Johnson to Geraldine Johnson. This is not a case where the insured requested a form in anticipation of a future change of beneficiary and then neglected to fill it out and return it. In this case, there is insufficient evidence that the insured ever received the form. Furthermore, the insured expressed his full intent to immediately change the beneficiary in unequivocal terms in the writing itself; therefore, if strict compliance with the contract terms were not required, no further manifestation of intent would, as a practical mater, be necessary. The evidence shows that the insurer had notice of the change, had essentially preapproved it, and all that remained to be done was to place the information onto the preprinted form. Under the facts of this case, the court finds the requirements of substantial compliance have been met.

*Community Property Claim*

■ In addition to her claim that the insurance proceeds are lawfully hers, Allison Johnson argues she is entitled to half the proceeds as her share of the policy, which, she argues, is community property. Allison Johnson did not make this claim in her pleadings, nor has she established that this court has jurisdiction over this claim. *See* Erwin Chemerinsky, *Federal Jurisdiction*, 2d ed. § 5.3.3 n. 82 and accompanying text (federal courts may not hear probate matters as part of their diversity jurisdiction).

**IT IS ORDERED** that Geraldine Johnson's motion for summary judgment is *GRANTED*. Allison Johnson's motion for summary judgment is *DENIED*.

**IT IS SO ORDERED.**