An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

ANN GRALNICK,
Appellant,
vs.
SUSAN ROWE-GRALNICK, AS THE
PERSONAL REPRESENTATIVE FOR
THE ESTATE OF GRALNICK,
Respondent.

No. 59770

FILED

JUL 24 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF REVERSAL

This is an appeal from a district court post-divorce decree ordering the distribution of insurance proceeds to pay outstanding alimony owed to appellant Ann Gralnick, and awarding the remaining insurance proceeds to decedent respondent Alan Gralnick through his personal representative Susan Rowe-Gralnick. Eighth Judicial District Court, Family Court Division, Clark County; Robert Teuton, Judge.

Alan and Ann were married for 33 years and divorced in 2007. Subsequently, Alan married Susan. The 2007 divorce decree executed by Alan and Ann required that "Alan . . . maintain a life insurance policy on his life . . . naming Ann as owner and beneficiary thereunder in an amount sufficient to satisfy the outstanding portion of his alimony obligation." Pursuant to the requirements of the decree, Alan assigned an existing life insurance policy he had obtained during the course of his marriage to Ann and named her as the owner and beneficiary thereunder. According to Ann, "[t]he preservation of the beneficiary designation was maintained as a prophylactic mechanism to ensure [Ann's] financial security if Alan was to die prior to fulfilling his alimony obligation to [Ann]." Upon Alan's death in 2011, Ann sought to collect life insurance proceeds totaling $466,000 as the named beneficiary and as

payment of Alan's outstanding alimony obligation of $235,000 owed to Ann at the time of Alan's death.

The divorce decree specifically listed the separate assets of Alan and Ann, and included the following language in the listings of both Alan's and Ann's separate property: "[a]ny and all bank accounts, brokerage accounts, life insurance or other accounts not otherwise provided for herein solely in [his or her] name or held jointly with anyone other than [Alan or Ann.]" The district court relied on this language in concluding that any community property interest held by Ann in Alan's life insurance policy proceeds was waived upon execution of the divorce decree and, therefore, constituted Alan's separate property.

We will not disturb a district court's finding as to the characterization of marital property or an alimony award unless it appears from the record that the district court abused its discretion or committed legal error. *Wolff v. Wolff*, 112 Nev. 1355, 1359, 929 P.2d 916, 918-19 (1996). And, this court will not disturb a district court's factual determinations that are supported by substantial evidence. *Williams v. Williams*, 120 Nev. 559, 566, 97 P.3d 1124, 1129 (2004). Substantial evidence is evidence that a reasonable person could accept as sufficient to support a judgment. *Id.*

Ann contends that the district court erred in awarding her only $235,000 of the insurance proceeds, which constituted Alan's outstanding alimony obligation owed to Ann at the time of Alan's death. Ann alleges that such a determination by the district court violates the Fifth Amendment because the award of the remaining insurance proceeds to Susan constitutes an illegal taking of Ann's property. Further, she contends that the district court failed to consider *Aetna Life Ins. Co. v.*

*Hussey*, 595 N.E. 2d 942 (Ohio 1992), in its determination. In *Aetna*, the court held that any balance of unused insurance proceeds remaining after a contractual allocation "must be distributed to the named beneficiary within the policy." *Id.* at 942.

Pursuant to Nevada statute, Ann has an explicit right to all insurance proceeds as the named owner and beneficiary on Alan's life insurance policy. NRS 687B.260 explicitly provides that

> if a policy of life insurance is assigned or in any way made payable to any such person, the lawful beneficiary or assignee thereof . . . is entitled to its proceeds and avails against the . . . representatives of the insured and of the person effecting the same, whether or not the right to change the beneficiary is reserved or permitted and whether or not the policy is made payable to the person whose life is insured.

In *Ohran v. Sierra Health and Life Ins. Co.*, we held that "[a] divorce decree must contain explicit language to divest a former spouse of his or her rights as a designated beneficiary of a life insurance policy." 111 Nev. 688, 690, 895 P.2d 1321, 1322 (1995) (citing *Redd v. Brooke*, 96 Nev. 9, 12, 604 P.2d 360, 362 (1980)). Here, the language of the divorce decree explicitly provides that "[a]ny . . . life insurance or other accounts *not otherwise provided for herein*" is characterized as separate property not subject to community property distribution. (Emphasis added). However, Alan's life insurance policy does not fall within this characterization because it was "otherwise provided for" in the decree of divorce requiring that "Alan . . . maintain a life insurance policy on his life . . . naming Ann as owner and beneficiary thereunder in an amount sufficient to satisfy the outstanding portion of his alimony obligation."

Thus, because we determine that Ann maintains a statutory right as the named beneficiary on Alan's life insurance policy and the policy was specifically *provided for* in the divorce decree, we conclude that the district court committed legal error in not awarding Ann all of the life insurance proceeds in the sum of $466,000.[1]

Therefore, we ORDER the judgment of the district court REVERSED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

---

[1]Ann also argues on appeal that Susan cannot be substituted as Alan's personal representative under NRCP 25(a). We disagree. NRCP 25(a)(1) permits the substitution of a deceased party by their successors or representatives. Additionally, NRCP 25(a)(2) specifically provides that if the "right sought to be enforced survives . . . , the action does not abate." Here, Susan seeks a right to the excess life insurance proceeds after all outstanding alimony is paid to Ann from the funds. As the district court stated in its order, "[t]his right is no different than the right Alan (or his successor) would have had to all the insurance proceeds had there been no offset for unpaid alimony." Therefore, we conclude the district court properly permitted Susan's substitution as Alan's personal representative. Additionally, Ann argues that the district court erred in declining to disqualify the Abrams Law Firm, LLC, as Susan's attorney due to an alleged conflict of interest resulting from the law firm's prior representation of Alan under NRPC 1.7 and NRPC 1.9. However, because we conclude that the district court did not err in determining that both Susan and Alan held the same interest "in enforcing the provisions of the [d]ecree of [d]ivorce," we further conclude that no conflict of interest exists.

cc: Hon. Robert Teuton, District Judge, Family Court Division
Robert E. Gaston, Settlement Judge
Moran Law Firm, LLC
Abrams Law Firm, LLC
Eighth District Court Clerk