# IN THE SUPREME COURT OF THE STATE OF NEVADA

TRUDY STANFORD,
Appellant,
vs.
LINDA BROWNE, INDIVIDUALLY;
JULIE ANN STANFORD,
INDIVIDUALLY, AND JAMES
STANFORD, INDIVIDUALLY,
Respondents.

TRUDY STANFORD, INDIVIDUALLY,
Appellant,
vs.
LINDA BROWNE, INDIVIDUALLY;
JULIE ANN STANFORD,
INDIVIDUALLY; AND JAMES
STANFORD, INDIVIDUALLY,
Respondents.

No. 70021

**FILED**

SEP 28 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

No. 70174

## *ORDER OF AFFIRMANCE*

Consolidated appeals from a final judgment in a declaratory relief action and post-judgment order awarding attorney fees and costs. First Judicial District Court, Carson City; James Todd Russell, Judge.

## *FACTS AND PROCEDURAL HISTORY*

In the late 1980s, Mark Stanford, an employee of the State of Nevada, participated in the Public Employee's Deferred Compensation Plan (the Compensation Plan). Mark designated his then-wife, Trudy Stanford, as the Compensation Plan's primary beneficiary. Mark and Trudy divorced in 1990. The divorce decree stated that Mark received "[t]he interest in . . . the deferred compensation account in his name." In the early 1990s, Mark began a relationship with Linda Browne. During Mark and Linda's relationship, Mark designated Linda as the primary beneficiary of several life insurance plans and retirement accounts. However, while Linda states

17-33063

that they mailed a change of beneficiary form to the Compensation Plan's administrator, the administrator has no record of processing it.

Mark died in 2013. Thereafter, both Trudy and Linda submitted claims for the Compensation Plan's funds. However, the Compensation Plan administrator could not conclusively establish the beneficiary of the account. Trudy filed suit against the account administrator, seeking a judicial declaration that she was the primary beneficiary. The administrator then filed a cross-complaint and first amended cross-complaint in interpleader, naming Mark's two children and Linda (the Texas Beneficiaries) as cross-defendants.

The district court then conducted a bench trial. The district court held in favor of the Texas Beneficiaries. In so holding, the district court stated, in part, that the divorce decree expressly terminated Trudy's beneficiary designation. The district court also awarded attorney fees and costs to the Texas Beneficiaries.

## DISCUSSION

Trudy argues that the district court erred in finding that she waived her right to remain a designated beneficiary of the Compensation Plan in the 1990 divorce decree. We disagree.

This court reviews questions of law de novo. *Jackson v. Groenendyke*, 132 Nev., Adv. Op. 25, 369 P.3d 362, 365 (2015).

Prior to the 2011 enactment of NRS 111.781,[1] this court held that only "explicit language in a divorce decree . . . divest[ed] a former

---

[1]*See* 2011 Nev. Stat. ch. 270, § 47, at 1426-28. NRS 111.781(1)(a)(1) provides that "the divorce or annulment of a marriage . . . [r]evokes any revocable . . . [d]isposition [ ] of property made by a divorced person to his or her former spouse in a governing instrument. The 2015 Legislature

spouse of his or her rights as designated beneficiary." *Redd v. Brooke*, 96 Nev. 9, 12, 604 P.2d 360, 362 (1980) (evaluating whether a divorce decree divested a designated beneficiary of a life insurance policy). As such, "[g]eneral expressions or clauses in [the divorce decree] [were] not to be construed as including an assignment or renunciation of expectancies." *Id.* at 11, 604 P.2d at 361.

Applying *Redd* to Trudy and Mark's 1990 divorce, the divorce decree divested Trudy of her right to remain a designated beneficiary of the Compensation Plan. The divorce decree expressly stated that Mark received "the *interest* in . . . the deferred compensation account in his name." (emphasis added). Beneficiaries possess an expectancy interest in such plans, and, therefore, the divorce decree goes beyond mere general expression by clearly renouncing Trudy's expectancy under the Compensation Plan. Because the divorce decree divested Trudy of her rights as a designated beneficiary of the Compensation Plan, the district court did not err in this regard.[2]

---

added subsection 10, which provides that NRS 111.781 "applies [ ] to nonprobate transfers which become effective because of the death of a person on or after October 1, 2011, regardless of when the divorce or annulment occurred." 2015 Nev. Stat., ch. 524, § 3, at 3523.

[2]Because Trudy waived her rights as a beneficiary of the Compensation Plan in 1990, we need not reach Trudy's other arguments, including her Contract Clause claim regarding NRS 111.781's application to this case. *See Cortes v. State*, 127 Nev. 505, 516, 260 P.3d 184, 192 (2011) ("Constitutional questions should not be decided except when absolutely necessary to properly dispose of the particular case."). Further, Trudy argues that the district court's order of attorney fees and costs should be reversed based on NRCP 60(b)(5) (relief from judgment based on reversed prior judgment). Because we affirm the district court's order granting declaratory relief, we conclude that this argument is without merit.

## CONCLUSION

The 1990 divorce decree divested Trudy of rights as a beneficiary of the Compensation Plan. Accordingly we,

ORDER the judgments of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Hon. James Todd Russell, District Judge
Carl M. Hebert
Bowen Hall
Robison, Simons, Sharp & Brust
Barger & Wolen LLP
Dickinson Wright PLLC
Carson City Clerk